USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARTHA VELLONE, *on behalf of Kenneth Vellone, Dec'd*,

                Plaintiff,

v.

ANDREW SAUL, *Commissioner of Social Security*,

                Defendant.

No. 20-CV-261 (RA)

MEMORANDUM
OPINION & ORDER
ADOPTING REPORT
& RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

    Martha Vellone, on behalf of her deceased ex-husband Kenneth Vellone, brings this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3).[1] On September 26, 2019, Administrative Law Judge ("ALJ") Carlton determined that Plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act and thus was ineligible for disability benefits. *See* Dkt. 27 (Administrative Record, *hereinafter* "A.R.") at 10–17 (citing 42 U.S.C. §§ 416 and 423). The Court assumes the parties' familiarity ALJ Carlton's decision, as well as the record more generally.

    Currently before the Court is Magistrate Judge Parker's exceedingly thorough and well-reasoned Report and Recommendation, dated January 29, 2021, recommending the Court grant Plaintiff's motion for judgment on the pleadings and remand this action for further proceedings. Dkt. 45 ("Rpt."). On February 16, 2021, the Commissioner filed objections to the Report. Dkt. 49 ("Obj."). After reviewing the Report, the parties' submissions, and the underlying record, the Court adopts the Report in full and grants Plaintiff's motion for judgment on the pleadings.

---

[1] For the purposes of this Opinion, "Plaintiff" refers to Claimant Kenneth Vellone.

# LEGAL STANDARDS

In reviewing a final decision of the Commissioner, "this Court is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (citations and internal quotation marks omitted). "The substantial evidence standard means once an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (emphasis omitted). If the Court determines, however, that the ALJ's decision "is not supported by substantial evidence or contains legal error, the determination must be reversed or remanded." *See Donofrio v. Saul*, No. 18-CV-9968 (ER), 2020 U.S. Dist. LEXIS 54407, 2020 WL 1487302, at *5 (S.D.N.Y. Mar. 27, 2020) (citing *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999)).

In reviewing a report and recommendation prepared by a magistrate judge, a court must review *de novo* determination of those portions of the report to which timely and specific objection is made, but may review the remainder of the report for clear error. *Parks v. Commissioner of Social Security*, 15-CV-6470 (ER), 2017 U.S. Dist. LEXIS 110666, 2017 WL 3016946, at *3 (S.D.N.Y. July 17, 2017) (citing 28 U.S.C. § 636(b)(1)(C) and *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)).

# DISCUSSION

The Commissioner has raised four objections to Judge Parker's Report. The Court will address each objection in turn.

I. **The ALJ's Determination that Plaintiff Could Perform Sedentary Work was Not Supported by Substantial Evidence**

ALJ Carlton concluded that Plaintiff was not disabled because he retained the residual functional capacity ("RFC") to perform sedentary work.[2] The Second Circuit has held "that the concept of sedentary work contemplates substantial sitting." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citing *Carroll v. Sec. of Health & Human Serv's*, 705 F.2d 638, 643 (2d Cir. 1983)); *see also* 20 C.F.R. § 404.1567(b). Accordingly, in order to conclude that Plaintiff had the RFC to perform sedentary work, the ALJ needed to find that Plaintiff could remain seated for extended periods of time.

The only evidence in the record that directly addresses Plaintiff's ability to remain seated comes from Dr. Azeez's consultative examination report. A.R. at 332–33. In that report, Dr. Azeez, who was Plaintiff's long-time treating physician, opined that Plaintiff would be limited to three hours of sitting per day. *Id.* at 332–33.

Instead of relying on Dr. Azeez's opinion to make his RFC determination, ALJ Carlton relied on the treatment notes of Doctors Chang and Solberg, two other physicians who had each treated Plaintiff on two occasions. *Id.* at 315, 328. Neither of these doctors completed a consultative examination on Plaintiff, and their reports were nearly devoid of reference to Plaintiff's ability to sit. *See generally id.* at 309–21, 324–29.[3] Instead, their reports addressed Plaintiff's spinal health more generally. For example, they noted that Plaintiff was observed to have "a normal gait, normal sensation, normal motor functioning, and a full range of motion of his extremities," and "was able to heel walk, toe walk, and tandem walk, generally had full strength

---

[2] RFC is defined as "what an individual can still do despite his or her limitations." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Id.*

[3] Dr. Chang's report made no mention of Plaintiff's ability to sit. *See generally* A.R. at 309–21. Dr. Solberg remarked on one occasion that "Plaintiff's pain was made worse with sitting," *id.* at 324, 328, but beyond that, his report contained no information regarding Plaintiff's ability to remain seated. *See generally id.* at 324–29.

3

in his lower extremities except for left ankle plantarflexion, and had a full, active range of motion in all planes except for a restriction with extension." *Id*. at 15 (summarizing Chang and Solberg's findings).

It was on this basis that ALJ Carlton determined that Plaintiff retained the RFC to perform sedentary work. *Id*. at 15–16. This was in error. As courts in this Circuit have consistently found, an ALJ cannot make an RFC determination based solely on information like that in the Chang and Solberg reports. *Rosa*, 168 F.3d at 81; *see also Guillen v. Berryhill*, 697 F. App'x 107, 109 (2d Cir. 2017); *Arteaga v. Comm'r of Soc. Sec.*, No. 19-CV-1630 (AMD), 2020 U.S. Dist. LEXIS 134536, 2020 WL 4369599, at *5 (E.D.N.Y. July 29, 2020); *Merriman v. Comm'r of Soc. Sec.*, 14-CV-3510 (PGG) (HBP), 2015 U.S. Dist. LEXIS 124691, 2015 WL 5472934, at *18 (S.D.N.Y. Sept. 17, 2015). As Judge Ramos recently explained, "[b]ecause an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." *Donofrio*, 2020 WL 1487302, at *8. This is precisely what ALJ Carlton did here.

In *Morris v. Colvin*, (then District Court) Judge Bianco, applied this rule in a case presenting starkly similar facts. *See* No. 15-CV-5600 (JFB), 2016 U.S. Dist. LEXIS 184030, 2016 WL 7235710 (E.D.N.Y. Dec. 14, 2016). In that case, the plaintiff sought disability benefits after suffering a back injury. *Id*. at *1. The ALJ denied Morris's claim upon concluding that he had the RFC to perform light work. *Id*. at *6. In so concluding, the ALJ discounted both Morris's subjective complaints and the opinion of Morris's treating physician, who opined that Morris could sit for no more than two hours a day. *Id*. at *8. Instead, the ALJ relied on the treatment notes of several consultant physicians who found that Morris had, *inter alia*, "normal gait, and

4

normal motor and sensory examinations." *Id*. at *7. Judge Bianco remanded, concluding that the ALJ had committed "legal error" by "improperly set[ting] her own expertise against that of the treating physicians." *Id*. at *9. In particular, Judge Bianco held that the ALJ "was not in a position to know whether the absence of an antalgic gate and abnormal motor and sensory functioning would in fact preclude the disabling loss of motion" of which Morris complained and that his treating physician diagnosed. *Id*. at *9.[4]

Here, ALJ Carlton has made the same error as the ALJ did in *Morris*. In discounting both Dr. Azeez's consultative examination report and Plaintiff's subjective complaints, ALJ Carlton was left with a record nearly devoid of evidence pertaining to Plaintiff's ability to remain seated for extended periods of time. In fact, the only other record evidence about Plaintiff's ability to remain seated indicated that Plaintiff struggled to do so. *See* A.R. at 324 (Dr. Solberg noted that Plaintiff's pain was exacerbated with sitting); *see also id*. at 328 (same). And although Doctors Chang and Solberg made note of Plaintiff's "normal gait[,] . . . ability to heel and toe walk[,] . . . negative straight leg raise tests, normal muscle bulk in his lumbar spine, and full five out of five strength except for some reduced strength in his left ankle and foot," *id*. at 15, as a lay-person, ALJ Carlton was not in a position to equate this evidence with an ability to remain seated. To do so, he would have needed to improperly "substitute his own judgment for competent medical opinion." *Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir. 1998).

---

[4] The court in *Morris* was applying the "treating physician rule," which required ALJs to determine whether to give controlling weight to a claimant's treating physician. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). Following a 2017 amendment to the applicable regulation, that rule no longer applies. *See Andrew G. v Comm'r of Soc. Sec*., No. 3:19-CV-942 (ML), 2020 U.S. Dist. Lexis 182212, 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020) (*citing Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867–68 (Jan. 18, 2017)). Nonetheless, *Morris* provides useful guidance and it remains the law that an ALJ may not substitute his own medical opinion for that of a physician. *See Arteaga*, 2020 WL 4369599, at *5 (so holding in a matter initiated after the repeal of the treating physician rule).

ALJ Carlton thus committed a legal error in determining that Plaintiff retained the RFC to perform sedentary work. The Court adopts Judge Parker's recommendation on this issue.

**II.	The ALJ's Decision to Discount Dr. Azeez's Consultative Examination Report was Not Supported by Substantial Evidence**

As set forth in 20 C.F.R. §§ 404.1520c(a)-(c) and 416.920c(a)-(c), an ALJ must consider certain factors in assigning weight to medical opinions, including supportability, consistency, and the doctor's relationship with the claimant. Supportability analysis focuses on how well a medical source supports and explains its opinion with objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency analysis assesses the consistency between a particular medical source and the other medical evidence in the record. 20 C.F.R. §§ 404.1520c(c)(2). An ALJ must explain his supportability and consistency analyses in his determination. 20 C.F.R. § 404.1520c(b).

In his decision denying Plaintiff's disability claim, ALJ Carlton did address both the consistency and the supportability of Dr. Azeez's report. He explained that he considered Dr. Azeez's medical opinion to be inconsistent with the other medical evidence contained in the record. A.R. at 16. Specifically, while Dr. Azeez—who had treated Plaintiff for approximately fifteen years—concluded that he could sit for no more than three hours a day, *id*. at 332–33, the ALJ noted that two other doctors documented "generally normal gaits and an ability to heel, toe, and tandem walk, notwithstanding some persistent back pain and tenderness," *id*. at 16. ALJ Carlton also noted that he found Dr. Azeez's opinion lacking supportability because it was based on relatively sparse notes. *Id*.

In her Report, Judge Parker determined that the conclusion on consistency was not supported by substantial evidence because ALJ Carlton "was not in a position to determine whether Plaintiff's ability to heel, toe, and tandem walk during a medical examination should

6

invalidate the physical limitations set forth in Dr. Azeez's Medical Findings Summary," Rpt. at 20. The Court agrees; although it is the ALJ's role as factfinder to weigh competing medical evidence, as explained in more detail above, the ALJ is not permitted to come to his own medical conclusions. *See supra.* ALJ Carlton thus erred in using evidence of Plaintiff's gait to discredit Dr. Azeez's medical opinion about Plaintiff's ability to sit for extended periods of time.

Likewise, ALJ Carlton's supportability analysis is not based on substantial evidence. As he noted in his decision, Dr. Azeez's conclusion that Plaintiff would be unable to sit for extended periods was based on his observations regarding Plaintiff's "back and hip pain." A.R. at 16. Accordingly, even ALJ Carlton acknowledged that Dr. Azeez's conclusion was supported by at least some objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Dr. Azeez's report also indicated that laboratory and diagnostic test results which supported his conclusion were enclosed with his report. A.R. at 331. Although these documents appear to be missing from the administrative record, Dr. Azeez's reference to them in the report further bolsters the conclusion that his report was based on objective medical evidence.

Lastly, ALJs are instructed to consider the doctor's treatment relationship with the claimant—including the length of the relationship—in deciding the weight to give a physician's opinion. *See* 20 C.F.R. § 404.1520c(a)-(c). The record shows that Dr. Azeez was Plaintiff's longtime physician, having treated Plaintiff for approximately fifteen years. *See* A.R. at 185. "As Plaintiff's longtime doctor, Dr. [Azeez] was best situated to provide a detailed, longitudinal picture of Plaintiff's impairment." *Sanchez v. Comm'r of Soc. Sec.*, 18-CV-2027 (KMK) (JCM), 2019 U.S. Dist. LEXIS 69828, 2019 WL 2451432, at *11 (S.D.N.Y. Apr. 23 2019). ALJ Carlton did not address this fact in his decision.

7

In sum, ALJ Carlton's decision to discount Dr. Azeez's consultative examination report was not supported by substantial evidence. The Court adopts Judge Parker's recommendation on this issue.

### III. The ALJ's Decision to Discount Plaintiff's Subjective Complaints was Not Supported by Substantial Evidence

"When determining a claimant's RFC, the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). If an ALJ does discount a claimant's testimony, however, he must provide "specific reasons for the finding on credibility, supported by the evidence in the case record, and [he] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight [he] gave to the individual's statements and the reasons for that weight." *Lugo v. Apfel*, 20 F. Supp. 2d 662, 663 (S.D.N.Y. 1998) (citation omitted). Where substantial evidence supports an ALJ's credibility determination, it must be upheld. *Jones v. Berryhill*, 415 F. Supp. 3d 401, 420 (S.D.N.Y. 2019).

Here, ALJ Carlton relied on the following facts as the basis for his decision to discount Plaintiff's subjective complaints:

- "[A] September 2017 physical examination at NY Presbyterian Hospital reveal[ed] a normal gait, normal sensation, normal motor functioning, and a full range of motion of his extremities."
- "December 2017 treatment records from Mount Sanai Beth Israel show[ed] that . . . [Plaintiff] was able to heel walk, toe walk, and tandem walk, generally had full strength in his lower extremities except for left ankle plantarflexion, and had a full, active range of motion in all planes except for a restriction with extension."
- "[Al]though he reported ten out of ten back pain, [Plaintiff] was observed to be in no acute distress."

8

- "November 2018 records from Joseph Solberg, D.O., indicate[d] that the claimant had a normal gait and an ability to heel and toe walk . . . . He also had negative straight leg raise tests, normal muscle bulk in his lumbar spine, and full five out of five strength except for some reduced strength in his left ankle and foot." [5]

A.R. at 14–15. None of these findings suffice to support the ALJ's conclusion on Plaintiff's credibility. The majority of these findings (specifically, the findings regarding Plaintiff's lower body strength and flexibility, as well as his ability to walk) do not on their face contradict his claim of severe pain. To conclude that this clinical information alone contradicted Plaintiff's subjective complaints would be to make a independent medical conclusion, which—as discussed in more detail above—an ALJ is not permitted to do. *See supra*.

The remaining finding that Plaintiff was on one occasion "observed to be in no acute distress" is insufficient to alone support ALJ Carlton's credibility finding. This is especially true in light of Plaintiff's consistent reports of severe pain, *see*, *e.g.*, A.R. at 312, 318, 324, 328, 331, as well as the considerable objective evidence that supports Plaintiff's position, *see*, *e.g. id*. 314 (physician report documenting degenerative disc disease characterized as "severe" in parts); *id*. at 326 (physician report noting that epidurals and various medications did not alleviate Plaintiff's pain, and that Plaintiff would be referred for spinal surgery).

In sum, ALJ Carlton's decision to discount Plaintiff's subjective complaints was not supported by substantial evidence. *See Downey v. Barnhart*, 294 F. Supp. 2d 495, 503 (S.D.N.Y.

---

[5] Elsewhere in his decision, ALJ Carlton noted that Plaintiff had "worked a few months prior to [when] this opinion was issued, albeit briefly, and there is no indication in the record that he was physical[ly] unable to perform the work. Rather, his former employer indicated that the work ended because there was no work for the claimant to do." A.R. at 16. To be sure, a claimant's continued employment may be evidence that he is physically capable of performing the job. But this is not necessarily the case. As the Second Circuit has recognized, "[w]hen a disabled person gamely chooses to endure pain in order to pursue important goals, it would be a shame to hold this endurance against him in determining benefit, unless his conduct truly showed that he is capable of working." *Nelson v. Bowen*, 882 F.2d 45, 49 (2d Cir. 1989). Given the brevity of this period of employment, and weighing it against Plaintiff's consistent reports of severe pain, this fact does not "truly show[] that [Plaintiff] [wa]s capable of working." *Id*.

2003) (concluding that an ALJ improperly dismissed a plaintiff's subjective complaints of pain when the plaintiff consistently complained of severe pain, "remedies including acupuncture, epidural blocks, and physical therapy" had been unsuccessful, and medical imaging revealed radiculopathy). The Court adopts Judge Parker's recommendation on this issue.

**IV.     The ALJ Did Not Discharge His Duty to Develop the Record**

Regulation requires the Social Security Administration to "develop [the claimant's] complete medical history for at least the 12 months preceding the month in which" the claimant files his application. 20 C.F.R. § 404.1512(b). "[T]he ALJ's general duty to develop the administrative record applies even where the applicant is represented by counsel, but [in such cases,] the agency is required affirmatively to seek out additional evidence only where there are 'obvious gaps' in the administrative record." *Eusepi v. Colvin*, 595 F. App'x 7, 9 (2d Cir. 2014).

The Court recognizes the efforts the Commissioner made in this case to develop the record, and the difficulty he faced in obtaining documents, particularly from Dr. Azeez. Obj. at 12 (citing Tr. at 70) (noting that the Government made multiple attempts to obtain documents from Dr. Azeez). Nonetheless, there remain obvious gaps in the administrative record, particularly with respect to medical evidence pertaining to Plaintiff's ability to stay seated for extended periods. *See Rivera v. Comm'r of Soc. Sec.*, No. 15-CV-8439 (GBD) (HBP), 2017 U.S. Dist. LEXIS 4838, 2017 WL 120974, at *13 (S.D.N.Y. Jan. 12, 2017) ("[I]n the absence of other medical evidence in the record regarding plaintiff's functional limitations, the ALJ was under a duty to develop the record and obtain medical evidence before making his RFC determination").

For this reason, the Court adopts Judge Parker's recommendation on this issue as well.

## CONCLUSION

Accordingly, Plaintiff's motion for judgment on the pleadings is GRANTED, and the Commissioner's motion is DENIED. It is hereby ORDERED that this case be remanded for further proceedings consistent with this Opinion and the Report.

The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 28 and 40 and to close this case.

SO ORDERED.

Dated: July 6, 2021
New York, New York

Ronnie Abrams
United States District Judge